UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIMITRI QAFKO,

    Plaintiff,                                       Civil Action No. 17-CV-13916

vs.                                                 HON. BERNARD A. FRIEDMAN

KIRSTJEN M. NIELSEN, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

This matter is presently before the Court on defendants' motion for partial dismissal [docket entry 13]. Plaintiff has filed a response in opposition and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination action in which plaintiff, who works as a Customs and Border Protection ("CBP") officer, alleges that defendants denied him a security clearance and several promotions because of his race (Arab), religion (Muslim) and national origin (Albania) and because he refused their requests to "becom[e] an informant by infiltrating Albanian and Iraqi gangs and smugglers, and obtaining intelligence for use in an ongoing criminal investigation." Compl. ¶ 17. Plaintiff also alleges that defendants subjected him to a hostile work environment. He asserts claims under Title VII of the Civil Rights Act of 1964 (Counts I, II, III) and for violation of his First and Fifth Amendment rights (Counts IV, V, VI, and VII). Plaintiff seeks damages, costs, attorney fees, and injunctive relief. The defendants are Kirstjen Nielsen (Secretary of the Department of Homeland Security) and Christopher Perry (Director of the Detroit

Field Office of U.S. CBP), both sued in their official capacity only.[1]

Defendants argue that all of plaintiff's claims, except his Title VII claim as to a specific promotion denial, should be dismissed because (1) Nielsen is the only proper defendant regarding plaintiff's Title VII claims, (2) the Court lacks subject matter jurisdiction to adjudicate plaintiff's claims regarding the revocation of his security clearance, (3) all of plaintiff's Title VII claims except one are either untimely or premature, and (4) plaintiff's constitutional claims are preempted by Title VII. Plaintiff disputes each of these points.

Defendants correctly argue that Title VII is a federal employee's exclusive remedy for workplace discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) (stating that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (noting that "Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, and national origin . . . and provides the exclusive remedy for such claims in federal employment."). As all of plaintiff's claims concern alleged discrimination he experienced as a federal employee, his constitutional claims (Counts IV - VII) must be dismissed.

Plaintiff's Title VII claims (Counts I - III) are subject to various pre-suit requirements. Initially, within 45 days of the allegedly discriminatory action, he must file a complaint with his employing agency's EEO counselor:

> "The right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated

---

[1] In his response brief, plaintiff indicates that he has agreed to dismiss the other defendants, Charles Mullins Jr. (CBP Internal Affairs Criminal Investigator), Aaron Poyer (CBP Supervisory Criminal Investigator), and "unidentified CBP officers." *See* Pl.'s Br. at 6 n.1

> upon the timely exhaustion of administrative remedies, as set forth in [the EEOC regulations]." *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991); *see also Brown*, 425 U.S. at 829–32, 96 S.Ct. 1961. Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee "must initiate contact with a[n EEO] [c]ounselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action" in order to facilitate informal resolution of the dispute. Failure to timely seek EEO counseling is grounds for dismissal of the discrimination claims. *Benford*, 943 F.2d at 612.

*Hunter*, 565 F.3d at 993. If plaintiff files a timely EEO complaint and is dissatisfied with the agency's final decision, he may appeal to the Equal Employment Opportunity Commission ("EEOC'). *See* 29 C.F.R. § 1614.110. If plaintiff files a timely appeal with the EEOC and is dissatisfied with its decision, he may file suit in the appropriate United States District Court within 90 days. *See* 42 U.S.C. §§ 2000e-16(c).

In the present case, defendants argue that all of plaintiff's failure-to-promote claims except the one alleged in ¶ 44(r) of the complaint should be dismissed either because plaintiff did not file a timely EEO complaint or because he has not exhausted his administrative remedies. Plaintiff appears to concede that these claims are all either untimely or premature, but he argues they should all be allowed to proceed on the grounds that they all are part of a "continuing violation" of his right not to be discriminated against. The Court rejects plaintiff's argument. Each instance when plaintiff allegedly was not promoted, *see* Compl. ¶ 44(a)-(q) and 44(t)-(z), was a discrete discriminatory act, and each was subject to the "rigorous administrative exhaustion requirements and time limitations." *Brown*, 425 U.S. at 833. As the Supreme Court held in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002), "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges" and "only incidents that took place within the timely filing period are actionable." As plaintiff concedes that the only

3

failure-to-promote claim he timely and properly exhausted is the one alleged in ¶ 44(r) of his complaint, this is the only such claim that may proceed.

Plaintiff does allege other discrete acts of discrimination, i.e., that defendants subjected him to four investigations from 2009 through September 2016. Defendants indicate that the agency dismissed plaintiff's complaints regarding these investigations because, like all but one of his failure-to-promote complaints, they were not filed within 45 days. As plaintiff does not dispute this in his response brief, the Court shall dismiss the complaint to the extent it is based on these allegedly discriminatory investigations.

The only other discriminatory act alleged in the complaint is that "while serving as a member of a special unit, [plaintiff] was denied his security clearance by Internal Affairs." Compl. ¶ 51. As defendants correctly note, however, "courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988). Plaintiff's only contrary authority, *Tenenbaum v. Caldera*, 45 F. App'x 416, 418 (6th Cir. 2002) ("Judicial review [of security clearance decisions] may be appropriate, for example, where the plaintiff alleges a violation of constitutional rights"), is unpublished. Such decisions "are non-precedential and bind only the parties to those cases." *Sun Life Assurance Co. of Canada v. Jackson*, 877 F.3d 698, 702 (6th Cir. 2017). As plaintiff has offered no binding or otherwise persuasive authority contradicting *Egan*, the Court shall dismiss the complaint to the extent it is based on the alleged denial or revocation of his security clearance.

Finally, as defendants correctly note, the only proper defendant in this matter is the agency head, defendant Nielsen. *See Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). Accordingly, the Court shall dismiss the complaint as to the only other remaining defendant, Perry.

4

For these reasons,

IT IS ORDERED that defendants' motion for partial dismissal is granted as follows: Counts IV-VII are dismissed; Counts I-III are dismissed except as to the failure-to-promote claim alleged in ¶ 44(r) of the complaint; and the complaint is dismissed as to defendant Perry.

Dated: May 14, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2018.

s/Johnetta M. Curry-Williams  
Case Manager