UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIMITRI QAFKO,

          Plaintiff,              Case No. 2:17-cv-13916
                                District Judge Bernard A. Friedman
v.                              Magistrate Judge Anthony P. Patti

KIRSTJEN M. NIELSEN,

          Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DE 55), DENYING PLAINTIFF'S MOTIONS TO COMPEL (DE 56) AND TO AMEND SCHEDULING ORDER DEADLINES (DE 58), AND STRIKING PLAINTIFF'S DUPLICATIVE MOTION TO COMPEL (DE 57)

This matter is before the Court for consideration of the following: **(1)** Defendant's motion for protective order to preclude depositions (DE 55), and Plaintiff's response in opposition (DE 57); **(2)** Plaintiff's motions to compel the depositions of Christopher M. Perry, Aaron F. Poyer, and Charles T. Mullins, Jr., and the Federal Rule of Civil Procedure 30(b)(6) deposition of Customs and Border Patrol (DEs 56 & 57), Defendant's response in opposition (DE 61), and Plaintiff's reply (DE 63); **(3)** Plaintiff's emergency motion to amend the scheduling order deadlines (DE 58), and Defendant's response in opposition (DE 59); and **(4)** the parties' Joint List of Unresolved Issues (DE 64). Judge Friedman referred these motions for hearing and determination. (DE 60.)

The motions came before the Court for a hearing on September 12, 2019, at which attorneys Carolyn M. Homer and Jennifer L. Newby appeared. Having considered the motion papers and the oral argument of counsel, and for the reasons stated on the record, which are incorporated herein by reference:

**(1)** Defendant's motion for protective order (DE 55) is **GRANTED**, the Court finding that Plaintiff failed to provide reasonable notice of the depositions in question, and all other bases raised by Defendant in the motion are accordingly **MOOT**;

**(2)** Plaintiff's motion to compel (DE 56) is **DENIED**;

**(3)** Plaintiff's duplicative motion to compel (DE 57) is **STRICKEN**; and

**(4)** Plaintiff's emergency motion to amend the scheduling order (DE 58) is **DENIED**.

Having squandered the ample discovery period allotted by the Court and having failed to give Defendant reasonable notice of multiple depositions (all scheduled at the 11th hour for the final day of discovery), Plaintiff is precluded from taking any depositions. <u>Discovery is now closed</u>.

Finally, in light of the fact that Plaintiff waited until the last 48 hours to informally tell the Court that he was unavailable for the September 12, 2019 settlement conference, which the Court had scheduled 7 month ago (DE 44),[1] and

---

[1] The Court only learned of Plaintiff's unavailability when the Undersigned's case manager reached out to Plaintiff's counsel by phone to ascertain the whereabouts of Plaintiff's settlement conference summary, which was overdue.

in light of his counsel's failure to take timely action to adjourn the conference despite the fact that her client informed her of his unavailability two weeks ago, the Court wishes to make abundantly clear that Plaintiff is **required to appear in person** for the settlement conference which has now been adjourned to **December 23, 2019 at 1:30 p.m.**  His failure to appear will likely result in a report and recommendation that this case be dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: September 13, 2019         s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE